# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID MARKOWSKI,** | : | Civil No. 3:13-CV-2255 |
| **Plaintiff** | : | |
| | : | **(Judge Mariani)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **SORDONI CONSTRUCTION SERVICES, INC., et al.,** | : | |
| **Defendants** | : | |

# REPORT AND RECOMMENDATION

## I. Statement of Facts and of the Case

This case arises out of a tragic workplace accident which occurred at a construction site of the grounds of Misericordia University. In January of 2012, the plaintiff, David Markowski, was employed as an ironworker by Mid Valley Contracting Services, Inc.. (Doc. 62, ¶7.) Mid Valley, in turn, was a subcontractor of another company, Rise Construction Company, Inc., which was a subcontractor of yet another firm, Sordoni Construction Services, Inc. (Id., ¶8.)

In 2011 Sordoni Construction Services, Inc., entered into an agreement with Misericordia University to act as the construction manager for a field house construction project at that school. (Id., ¶¶1-2.) Under the terms of this agreement, Sordoni covenanted to the University that it would be solely responsible for the

means and methods of construction on the project and for jobsite safety on the field house project. (Id., ¶¶3 and 4.) Further, the written contract between the parties provided that the written agreement represented the entire and integrated agreement of the parties and superceded any other understandings written or oral between these parties. (Doc. 63-1, Contract §1.1.)

With these contractual understandings, Sordoni began construction of this field house. In the course of this construction project, it appears that Sordoni provided regular reports to Misericordia personnel on the progress of the construction project and staff from Sordoni and Misericordia would meet on a monthly basis to discuss the status of the project. While nothing in the record before the Court indicates that the parties ever entered into any modification of their integrated written agreement which provided that Sordoni was responsible for jobsite safety during these meetings, Sordoni's on-site Safety Manager for this construction project has stated that during these meetings, Misericordia "would have a voice obviously on their property." (Doc. 77, p. 8.) It is upon this reed, the notion that Misericordia would have a voice regarding work on their property, that the potential tort liability of Misericordia University apparently rests, according to Markowski.

Against the backdrop of this contractual relationship, work commenced on the field house project. As part of that work, on January 16, 2012, David Markowski

alleges that he was working, without fall protection, on the top of a snowy and icy block wall setting steel bar joists in position for welding when he fell, suffering what he states were serious and permanent injuries. (Doc. 1, ¶¶13-15.)

Markowski has now brought this tort action against Sordoni, the general contractor on this jobsite; Rise, the subcontractor which hired Mid Valley, his employer; and Misericordia University, the property owner of the jobsite where he fell and injured himself. (Doc. 1.) Misericordia University, in turn, has moved for summary judgment on Markowski's claims, arguing that as a matter of law it cannot be held liable as a property owner for any alleged negligence arising out of this construction project which it had contracted to others to perform under an integrated written agreement which assigned responsibility for jobsite safety to the project general contractor, Sordoni. (Doc. 61.) According to Misericordia: "Counsel for Defendants Sordoni and Rise have previously informed counsel that their respective clients are willing to stipulate to the dismissal of Misericordia University from the case; however, the remaining Plaintiff, David Markowski, has not agreed to stipulate to the dismissal of Misericordia University, and hence the filing of this Motion for Summary Judgment." (Doc. 61, n.2.)

This motion for summary judgment has been fully briefed by the parties (Docs.65, 77 and 81., and is, therefore, ripe for resolution. For the reasons set forth

3

below, it is recommended that the motion for summary judgment filed by Misericordia University be granted.

## II. Discussion

### A. Summary Judgment–Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides as follows:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a). For purposes of Rule 56, a fact is material if proof of its existence of nonexistence might affect the outcome of the suit under the applicable substantive law. Haybarger v. Laurence Cnty. Adult Prob. & Parole, 667 F.3d 408, 412 (3d Cir. 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). For an issue to be genuine, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Id. (quoting Anderson, 477 U.S. at 248-49).

Accordingly, in support of a motion for summary judgment, the moving party must show that if the evidence of record were reduced to admissible evidence in

court, it would be insufficient to allow the non-moving party to carry its burden of proof. See Celotex v. Catrett, 477 U.S. 317, 323 (1986). Provided the moving party has satisfied this burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Scott v. Harris, 550 U.S. 372, 380 (2007). Instead, if the moving party has carried its burden, the non-moving party must then respond by identifying specific facts, supported by evidence, which show a genuine issue for trial, and may not rely upon the allegations or denials of its pleadings. See Martin v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007); see also Fed. R. Civ. P. 56(c).

In adjudicating the motion, the court must view the evidence presented in the light most favorable to the opposing party, Anderson, 477 U.S. at 255, and draw all reasonable inferences in the light most favorable to the non-moving party, Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). Where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true. Id. Additionally, the court is not to decide whether the evidence unquestionably favors one side or the other, or to make credibility determinations, but instead must decide whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. Id. at 252; see also Big Apple

BMW, 974 F.2d at 1363. In reaching this determination, the Third Circuit has instructed that:

> To raise a genuine issue of material fact . . . the opponent need not match, item for item, each piece of evidence proffered by the movant. In practical terms, if the opponent has exceeded the "mere scintilla" threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent. It thus remains the province of the factfinder to ascertain the believability and weight of the evidence.

Id. In contrast, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted); NAACP v. North Hudson Reg'l Fire & Rescue, 665 F.3d 464, 476 (3d Cir. 2011).

### B. Misericordia University is Entitled to Summary Judgment Under Pennsylvania Tort Law

As a federal court exercising diversity jurisdiction in this case, we are obliged to apply the substantive law of Pennsylvania to this dispute. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d. Cir. 2000). In this case, with respect to Misericordia University we are called upon to examine the tenets of Pennsylvania law which govern tort liability for a landowner who has engaged an independent

6

contractor to perform work on the landowner's property when it is alleged that negligence in the performance of that work has injured another.

Pennsylvania law admits of a straightforward answer to this legal question:

> For over 100 years, the accepted and general rule regarding liability in our Commonwealth has been that a landowner who engages an independent contractor is not responsible for the acts or omissions of such independent contractor or his employees. See Pender v. Raggs, 178 Pa. 337, 35 A. 1135 (1896); Hader v. Coplay Cement Mfg. Co., 410 Pa. 139, 189 A.2d 271 (1963); Restatement (Second) of Torts § 409 ("[T]he employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants."). This foundational law is based upon the long-standing notion that one is not vicariously liable for the negligence of an independent contractor, because engaging an independent contractor "implies that the contractor is independent in the manner of doing the work contracted for. How can the other party control the contractor who is engaged to do the work, and who presumably knows more about doing it than the man who by contract authorized him to do it? Responsibility goes with authority." Silveus v. Grossman, 307 Pa. 272, 278, 161 A. 362, 364 (1932).

Beil v. Telesis Const., Inc., 608 Pa. 273, 289, 11 A.3d 456, 466 (2011).

In reaching this view, Pennsylvania courts have expressly adopted the position set forth in §409, of the Restatement (Second) of Torts, which provides that, as a general rule, the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants. Restatement (Second) of Torts, § 409 (1965). Based upon this general rule of law, which has been

expressly embraced by the Pennsylvania courts for the past 100 years, Misericordia University seeks summary judgment in this case.

This general rule, however, is subject to a number of exceptions, and Markowski seeks to avail him of one of these exceptions in opposing summary judgment. Section 414 of the Restatement (Second) of Torts, provides an exception to this general rule for a landowner: "who entrusts work to an independent contractor, but who retains the control of any part of the work." Such landowners remain "subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care." Restatement (Second) of Torts § 414 (1965). See Beil v. Telesis Const., Inc., 608 Pa. 273, 289, 11 A.3d 456, 466 (2011).

The showing which must be made under Pennsylvania law in order for Markowski to avail himself of this exception is exacting. As the Restatement itself observes:

> In order for the rule stated in this Section to apply, the employer must have retained at least some degree of control over the manner in which the work is done. *It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations.* Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of

supervision that the contractor is not entirely free to do the work in his own way.

Restatement (Second) of Torts § 414, Comment C (1965)(emphasis added).

Applying this exacting analysis, the Pennsylvania Supreme Court, in a case which absolved a landowner University from tort liability for an accident resulting from the alleged negligence of an independent contractor, has held that:

> The control required to implicate the exception to the general rule against liability can be demonstrated in two ways. First, a plaintiff may point to contractual provisions giving the premises owner control over the manner, method, and operative details of the work. Alternatively, the plaintiff may demonstrate that the land owner exercised actual control over the work. As a general proposition, the question of the quantum of retained control necessary to make the owner of the premises liable is a question for the jury. When, however, the evidence fails to establish the requisite retained control, the determination of liability may be made as a matter of law. Finally, our Commonwealth's case law has construed this exception narrowly. See, e.g., Farabaugh; Hader; see also Warnick v. The Home Depot U.S.A., Inc., 516 F.Supp.2d 459, 468 (E.D.Pa.2007) (opining that a "long line of Pennsylvania cases has construed this exception narrowly, almost always finding that the hiring party did not exercise sufficient control over the contractor to impose liability on the hiring party for the contractor's employee's injury.").

Beil v. Telesis Const., Inc., 608 Pa. 273, 291, 11 A.3d 456, 467 (2011).

Judged by these compelling legal benchmarks, it cannot be said that Markowski has made a sufficient showing to overcome the century-old Pennsylvania rule that a landowner is not liable for the allegedly negligent acts of an independent

9

contractor on its property. At the outset, it is clear that Markowski cannot "point to contractual provisions giving the premises owner control over the manner, method, and operative details of the work." Id. Quite the contrary, the unambiguous language of the integrated written agreement between Misericordia University and the general contractor, Sordoni, plainly placed this responsibility for jobsite safety and the manner, methods and details of performance of work at the construction site on the general construction contractor, Sordoni.

Nor has Markowski "demonstrate[d] that the land owner exercised actual control over the work." Beil v. Telesis Const., Inc., 608 Pa. 273, 291, 11 A.3d 456, 467 (2011). On this score, the guidance of the Pennsylvania Supreme Court is clear: " a property owner retaining a certain degree of authority over safety issues, such as supervising and enforcing safety requirements, and even imposing its own safety requirements at a work site, does not constitute control for purposes of imposing liability." Beil v. Telesis Const., Inc., 608 Pa. 273, 294, 11 A.3d 456, 469 (2011). More is required under Pennsylvania law. Specifically, "[i]t is not enough that [the land owner] has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the

contractor is controlled as to his methods of work, or as to operative detail. *There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.*" Restatement (Second) of Torts § 414, Comment C (1965)(emphasis added)

Judged by these guideposts, Markowski's proffered proof is legally insufficient to overcome a century of contrary Pennsylvania case law and attribute tort liability to the property owner, Misericordia University. Indeed, the current evidence seems less compelling than the quantum of proof found wanting by the Pennsylvania Supreme Court in <u>Beil v. Telesis Const., Inc</u>., 608 Pa. 273, 294, 11 A.3d 456, 469 (2011), the leading case in this field. While it is apparent that Misericordia University regularly monitored the progress of this construction project, and while Sordoni's jobsite Safety Manager has stated that during the construction project progress meetings, Misericordia "would have a voice obviously on their property," (Doc. 77, p. 8.), this proof falls well short of what is needed to create a genuine issue of material fact on this question which would defeat a summary judgment motion.

This evidence, which constitutes the lynchpin of the plaintiff's argument that Misericordia University remains liable in this matter, constitutes little more than a suggestion by Sordoni's Safety Manager that Misericordia University could have stopped work on the project, or would have had a "voice" in that work. Yet, such

11

proof is insufficient as a matter of law to shift tort liability to the University since: "It is not enough that [the land owner] has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. . . . . There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way." Restatement (Second) of Torts § 414, Comment C (1965).

That degree of control by Misericordia simply has not been shown in this case. Instead, Markowski has merely shown that Misericordia would have a "voice" in construction issues. This showing is akin to demonstrating that Misericordia possessed a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations, a degree of landowner oversight that the Pennsylvania courts have held as a matter of law is insufficient to give rise to civil tort liability in this setting. Beil v. Telesis Const., Inc., 608 Pa. 273, 291, 11 A.3d 456, 467 (2011). Therefore, this failure of proof under Pennsylvania law is fatal with respect to Markowski's claims against Misericordia University. Accordingly, recognizing that Pennsylvania law has long construed this exception narrowly, Beil v. Telesis Const., Inc., 608 Pa. 273, 291, 11

A.3d 456, 467 (2011) it is recommended that the University's motion for summary judgment (Doc. 61.), be granted.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendant Misericordia University's motion for summary judgement, (Doc. 61), be GRANTED and the plaintiff's complaint be dismissed with respect to Misericordia University.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 7th day of August 2015.

>*S/Martin C. Carlson*
>Martin C. Carlson
>United States Magistrate Judge